IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Phyllis L. Fleming,

Plaintiff,

v.

Schoeneckers, Inc., f/k/a Business Incentives, Inc., d/b/a BI Performance Services, a Minnesota corporation,

Defendant.

Court File No. 01-2359 DWF/AJB

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

The parties to the above-captioned action, by and through their undersigned counsel of record, hereby stipulate and agree and the Court hereby orders pursuant to Rule 26 of the Federal Rules of Civil Procedure, that:

1. This Order shall govern the production, use and disclosure of information and documents produced, used or disclosed in connection with this action and designated in accordance with this Order. For purposes of this Order, the term "documents" shall be defined in accordance with Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, pleadings, written discovery requests and responses, tangible evidence, correspondence, memoranda, bulletins, customer lists or other matter identifying customers or potential customers, price lists or schedules or other matter identifying pricing, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, billing statements, drafts, books of account, work sheets, notes of conversations,

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

desk diaries, appointment books, calendars, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes, reports, instructions, disclosures, models, prototypes, instructions and other writings.

2. Any party may designate information or documents produced, used or disclosed in connection with this action as "CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to each party, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order. Only information and documents that a party in good faith believes contain or refer to trade secrets or confidential business or financial information or other confidential or proprietary information concerning or relating to one or more of the parties, or of others that are possessed by a party, may be designated as "CONFIDENTIAL."

3. In the case of a document, a designation of "CONFIDENTIAL" shall, subject to paragraph 4 hereof, be accomplished by marking the document with the legend "CONFIDENTIAL" or by so designating the document, identified by its Bates Stamp Number or other identifying number of description, in a separate writing. As to those documents that are produced for examination for the purpose of allowing opposing counsel to determine which of those documents counsel desires copied, those documents shall be treated as "CONFIDENTIAL" pursuant to this Order, whether or not marked,

until copies of the documents are requested and supplied, and thereafter only if the copies supplied are marked or designated as provided above.

4. Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Order provided it is designated as "CONFIDENTIAL" orally on the record or in writing either at the time the testimony is given or within sixty (60) days after receipt by the parties of the portion of the transcript of the deposition or court hearing containing the confidential information. Any party shall have the right to exclude from attendance at a deposition during such time as any information or documents designated "CONFIDENTIAL" are disclosed any person who is not entitled to receive such information or documents pursuant to this Order.

5. The failure to designate information or documents as "CONFIDENTIAL" in accordance with this Order and the failure to object to a designation at a given time shall not preclude a party from subsequently designating or objecting to designation of such information or documents as "CONFIDENTIAL". No receiving party shall be under any obligation to object to any designation of confidentiality at the time such designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

6. Any information or document designated as "CONFIDENTIAL" shall be used (other than by the producing party) solely in connection with this action and shall not be disclosed to anyone other than:

(a) Court and court personnel considering the disputes between the parties;

(b) the parties to this action and their employees and representatives who are assisting counsel with the case;

(c) counsel of record for the parties to this action and their employees;

(d) experts and advisors retained for purposes of this action, provided, however, that before such expert or advisor is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute an Acknowledgment in the form of Exhibit A attached hereto;

(e) stenographic and court reporters engaged for depositions, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute an Acknowledgment in the form of Exhibit A attached hereto;

(f) deponents during the course of a deposition, provided, however, that, unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must be advised that the information or document is designated as "CONFIDENTIAL," is obligated to comply with the terms of this Stipulation and Order Regarding Confidentiality and is given an opportunity to review the terms of this Stipulation and Order Regarding Confidentiality, and further provided that any documents designated as "CONFIDENTIAL" shall not be

left in the possession of such a deponent, except as may be required by Fed.R.Civ.P. 30 or unless the deponent otherwise qualifies for access to such documents pursuant to this Order; and

(g) such other persons as the parties may agree on in writing, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute an Acknowledgment in the form of Exhibit A attached hereto.

7. Whenever any document designated as "CONFIDENTIAL" is filed with the Court, such document shall be filed in a separate, sealed envelope bearing the title of the action, a generic description of the documents contained in the envelope, and a statement in substantially the following form: "Confidential -- Subject to Court Order Prohibiting Public Disclosure".

8. Within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents designated as "CONFIDENTIAL" all copies of documents designated as "CONFIDENTIAL" and all excerpts therefrom in the possession, custody or control of parties other than the producing party shall be destroyed or returned to counsel for the producing party, and counsel for parties other than the producing party shall destroy or keep under seal all work product or transcripts embodying documents or information designated as "CONFIDENTIAL" and/or information contained or referred to.

9. The provisions of this Stipulation and Order Regarding Confidentiality shall, absent written consent of the parties hereto, continue to be binding on the parties, their successors and assigns after the final disposition of this action. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment or modification of or addition to this Order.

10. The confidentiality obligations of this Order shall not prohibit the use by any party or others of any information or documents that are currently in the public domain or that are required to be disclosed by any law, regulation, order or rule of any governmental authority, provided, however, that the party making such disclosure shall give prompt advance notice of any such disclosure in writing to each of the parties to afford a party the opportunity to seek legal protection from the disclosure of such information or documents. If no action is taken to seek legal protection from the disclosure of information or documents by the party seeking to designate such information or documents as "CONFIDENTIAL" within 15 days after receiving such notice, the information or documents at issue shall not be considered "CONFIDENTIAL."

11. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and in the event the

aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

12. Neither this Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

13. This Order shall be without prejudice to the right of either party:

(a) to have determined by motion, at any time, whether any information has been improperly designated as confidential, in which event, the party making the assertion of confidentiality shall have the burden of establishing the same; and

(b) to apply to the Court for relief from any requirements hereof, for good cause.

14. Any party may object to the designation by any other party of any material as "CONFIDENTIAL" by notifying the designating party in writing and identifying the material to which the party objects to the confidential designation. If the parties

thereafter are unable to resolve the matter, the party designating the material as "CONFIDENTIAL" shall, within 30 days after the objection is made, bring the appropriate motion to attempt to have the material designated "CONFIDENTIAL." If the designated party fails to bring such a motion, the material shall not be considered "CONFIDENTIAL." If the designating party brings a motion, all materials designated "CONFIDENTIAL" shall be considered confidential pending a ruling by the Court.

VOSS & HICKMAN

Dated: Aug. 2, 2002

By: [signature]
Barry V. Voss
Atty. No.
Attorneys for Plaintiff
527 Marquette Ave. S., Ste. 2355
Minneapolis MN 55402-13233
Telephone: (612) 673-0707

MOSS & BARNETT
A Professional Association

Dated: Aug. 14, 2002

By [signature]
James E. O'Brien
Atty. No. 80512
David P. Jendrzejek
Atty. No. 49888
Attorneys for Defendant
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-4129
Telephone: (612) 347-0300

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned, ________________________________, hereby acknowledges that he/she has read the Stipulation and Order Regarding Confidentiality entered by the Honorable Arthur J. Boylan on ______________, 2002, in the action entitled "Phyllis L. Fleming, Plaintiff v. Schoeneckers, Inc., f/k/a Business Incentives, Inc., d/b/a BI Performance Services, a Minnesota corporation, Defendant," that he/she understands that terms thereof; and that he/she agrees to be bound by such terms.

The undersigned agrees that in consideration for his/her employment in this litigation he/she will not at any time use or disclose information subject to the Stipulation and Order Regarding Confidentiality except in connection with this lawsuit as may be required by the Court or counsel for the parties to this lawsuit. The undersigned acknowledges that violation of this agreement may subject him/her to civil liability. The undersigned further agrees that in the event he/she ceases to be engaged in the preparation for trial or trial of this proceeding, he/she shall terminate all access to information subject to the Stipulation and Order Regarding Confidentiality, return all such materials in his/her possession and maintain the confidentiality of the information obtained.

Dated: ______________, 2002

__________________________________
Signature

**ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by the Court.

Dated: 8/20, 2002

Arthur J. Boylan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.